1

2

3

4

5

6 # UNITED STATES DISTRICT COURT

7 ## EASTERN DISTRICT OF CALIFORNIA

8

9 LILLIE RUTH THOMAS, | Case No. 1:17-cv-298-BAM

10 Plaintiff, | **ORDER GRANTING LEAVE TO WITHDRAW AS ATTORNEYS FOR PLAINTIFF**

11 v.

12 NANCY A. BERRYHILL, Acting COMMISSIONER OF SOCIAL SECURITY, | **ORDER SUBSTITUTING PLAINTIFF LILLIE RUTH THOMAS AS PRO SE COUNSEL**

13

14 Defendant.

15 Plaintiff's Opening Brief Due: November 6, 2017

16 (Doc. 7)

17

18    Pending before the Court is the motion to withdraw as counsel of record for Plaintiff Lillie

19 Ruth Thomas filed by Plaintiff's attorneys James A. Yoro and Roy F. Malahowski. (Doc. 7). The

20 motion is unopposed. (Doc. 12). The matter was heard on September 22, 2017, before United

21 States Magistrate Judge Barbara A. McAuliffe. Counsel James Yoro appeared by telephone on

behalf of Plaintiff. Counsel Tina Naicker appeared by telephone on behalf of Defendant. Despite
22
delaying the start of the hearing for ten (10) minutes, Plaintiff did not appear for the scheduled
23
hearing.[1]   Having considered the moving papers, arguments presented at the hearing, as well as
24
the Court's file, the motion is GRANTED.
25

26 _____

[1]    Upon receipt of counsels' motion, the court set a briefing schedule requiring Ms. Lillie
27 Thomas and Defendant to respond to the motion on or before September 8, 2017. On September
8, 2017, Defendant filed a notice of non-opposition. (Doc. 12). Ms. Thomas failed to respond to
28 the motion.

## **LEGAL STANDARD**

"An attorney [who has appeared] may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011); *see also* Eastern District of California Local Rule 182(d). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case *See CE Res., Inc. v. Magellan Group, LLC*, No. 08-02999, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009).

The local rules of this district require an attorney who would withdraw to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. E.D. Cal. L.R. 182(d). Local Rule 182(d) also incorporates the standards of professional conduct required by members of the State Bar of California, which in turn expressly allows withdrawal where the client "knowingly and freely assents to termination of the employment." *See* California Rule of Professional Conduct 3-700(C)(5); *Indymac Fed. Bank, F.S.B. v. McComic*, 2010 WL 2000013, at * 1 (S.D.Cal. May 18, 2010).

## **DISCUSSION**

Attorneys James Yoro and Roy Malahowski contend that on April 17, 2017, Ms. Thomas submitted a signed statement requesting that Mr. Yoro and Mr. Malahowski terminate their representation so that Plaintiff can pursue her case with alternate counsel. (Doc. 7. Ex. A). Agreeing to the termination, Mr. Yoro and Mr. Malahowski further explain that they have taken reasonable steps to avoid prejudice to either party including (1) notifying the Social Security Administration of counsels' termination; (2) providing Ms. Thomas with the necessary paperwork—a release of authorization and a copy of the motion to withdraw; and (3) informing Ms. Thomas that she should retain private counsel or seek appointment of another attorney. Mr. Yoro and Mr. Malahowski also "stand ready to deliver to [Ms. Thomas] all papers and property to which she is entitled. (Doc. 12).

Hearing no objections from Ms. Thomas, the Court finds that withdrawal is proper here because Plaintiff knowingly consents to the withdrawal. Rule 3–700(C)(5). Further, under the circumstances presented here the Court finds that Mr. Yoro and Mr. Malahowski have met the requirements of Local Rule 182(d) and the motion to withdraw is GRANTED.

The Court notes that upon counsel's withdrawal, Plaintiff will be proceeding pro se and will be responsible for the timely prosecution of the action even if she fails to obtain new counsel. Plaintiff filed this action challenging the Commissioner's denial of social security benefits on March 2, 2017. Defendant lodged the administrative record in this case on July 7, 2017. **_Plaintiff's opening brief is therefore due on or about November 6, 2017._** A failure to comply with an order of the Court, including the deadline for the filing of Plaintiff's opening brief, may result in sanctions, including dismissal of this action. Because Plaintiff is now proceeding pro se, the Court will by separate order inform Plaintiff of the requirements concerning Social Security cases in this Court.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Counsels' Motion to Withdraw is GRANTED;

2. If not already completed, James A. Yoro and Roy F. Malahowski SHALL transfer Plaintiff's case file and the relevant documents to Plaintiff within fourteen (14) days of this order;

3. Plaintiff Lillie Ruth Thomas is SUBSTITUTED as counsel in propria persona in place of Attorneys James A. Yoro and Roy F. Malahowski. Ms. Thomas is now proceeding in this case as a pro se litigant; and

4. By no later than November 6, 2017, Plaintiff must (1) file an opening brief; (2) retain new counsel or file a statement indicating whether she intends to continue as pro se counsel; or (3) notify the Court of Plaintiff's request to dismiss this matter. **The Court CAUTIONS Plaintiff that, if one of these events does not occur by November 6, 2017, the Court shall enter an order to show cause as to why the Court should not dismiss this case, in its entirety.**

5.      The Clerk of the Court is directed to update the docket with the contact

information of Lillie Ruth Thomas at her last known address:

8204 Fillmore Ave.
Bakersfield, CA 93306

IT IS SO ORDERED.

Dated:   __**September 22, 2017**__           ____/s/ _Barbara A. McAuliffe_____
                                                UNITED STATES MAGISTRATE JUDGE