UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIE RUTH THOMAS,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:17-cv-298-BAM<br><br>**INFORMATIONAL ORDER SETTING SOCIAL SECURITY BRIEFING SCHEDULE FOR PRO SE LITIGANTS**<br><br>Plaintiff's Opening Brief Due: November 6, 2017 |

INFORMATIONAL ORDER TO PRO SE LITIGANTS

Plaintiff Lillie Ruth Thomas ("Plaintiff") is proceeding pro se in an action seeking judicial review of an administrative decision of the Commissioner of Social Security that denied, in whole or in part, plaintiff's claim for benefits under the Social Security Act.

This order provides the following helpful information, and basically serves as a step-by-step guide for pro se litigants. Plaintiff is strongly urged to read and re-read this order and keep it readily available for future reference.

As service of the Complaint (*See Section I below*) and the Administrative Record (*See*

*Section II below*) have already been completed, Plaintiff should first determine whether former counsel has exchanged Confidential Letter Briefs (*See Section II below*) with Defendant and then proceed to preparing her opening brief (*See Section III below*) due **November 6, 2017**. Out of the abundance of caution, the Court will summarize all of the following steps Plaintiff is required to take to prosecute this action.

I. Service of the Complaint

As is outlined in the Scheduling Order issued in this case, except when other provisions are made pursuant to an application to proceed in forma pauperis, plaintiff **shall** serve a copy of the **(1)** summons, **(2)** complaint, **(3)** notice of availability of a Magistrate Judge and the form of consent/ decline to jurisdiction of United States Magistrate Judge (See Local Rule 305(a)), and (4) the Scheduling Order, within **twenty (20) days** of plaintiff filing the complaint.[1]

If plaintiff is proceeding in forma pauperis, the United States Marshal usually serves the complaint. However, if plaintiff is not proceeding in forma pauperis, then plaintiff or legal counsel is responsible for service and then filing a proof of service without delay. See Local Rule 210.

Lawsuits for review of administrative decisions made by the Commissioner of Social Security are prosecuted against the Commissioner of Social Security. Fed.R.Civ.P. 4(i)(2) and (3) provides, in substance, that to serve the Commissioner in his official capacity, the party **must** serve **(1)** the United States, and **(2)** the Commissioner.

To serve the United States, a party **must**:

(1) **deliver** a copy of the summons and complaint to the United States Attorney for the district where the action is brought, or to an Assistant United States Attorney or clerical employee whom the United States Attorney designates in a writing filed with the Court; or, **send** a copy of

---

[1] Plaintiff's complaint was served on Defendant on March 7, 2017.

the summons and complaint, by certified mail only, to the Civil Process Clerk at the United States Attorney's Office; and,

(2) **send** a copy of the summons and complaint, by certified mail **only**, to the Attorney General of the United States in Washington, D.C.; and,

(3) **send** a copy of the summons and complaint, by certified mail **only**, to the Commissioner (the officer of the United States whose order is challenged by the lawsuit) in San Francisco, CA. Fed.R.Civ.P. 4(i)(1)-(3). Initial service of process is thus sufficient if plaintiff serves, by certified mail only, copies of the summons and complaint on: Office of the United States Attorney

Initial service of process is thus sufficient if plaintiff serves, by certified mail only, copies of the summons and complaint on:

> Office of the United States Attorney
> Civil Process Clerk
> 2500 Tulare Street, Suite 4401
> Fresno, CA 93721
>
> Office of the Attorney General of the United States
> 950 Pennsylvania Avenue, NW
> Washington, D.C. 20530-0001
>
> Office of the General Counsel
> Social Security Administration 333 Market Street, Suite 1500
> San Francisco, CA 94105

after which a proof of service must be filed with the Court without delay pursuant to Local Rule 210. If plaintiff is proceeding in forma pauperis, the United States Marshal generally completes the proof of service and files it with the Court; however, if plaintiff is not proceeding in forma pauperis, it is plaintiff's duty to promptly file a proof of service with the Court.

II.     Attempt at Informal Resolution of the Case

Pursuant to the Scheduling Order, within **one hundred twenty (120) days** after service of the complaint, defendant is required to serve a copy of the administrative record on plaintiff and

3

also file the administrative record with the Court, which <u>serves as the answer to the complaint in this proceeding</u>.

Once the administrative record has been filed, the parties **must** try to resolve the case informally. In this process, the parties **must** exchange informal briefs in the form of letters about the case to see if they can agree that the case should be sent back, or "remanded," to the Social Security Administration for a further hearing by an administrative law judge.

In the letter brief, plaintiff **must** briefly set forth **(1)** the issues in the case, **(2)** the reasons why plaintiff thinks that plaintiff is entitled to Social Security benefits, and **(3)** why the decision to deny benefits should be remanded.

The letter brief must be marked "Confidential Letter Brief", should not be filed with the Court, and **must** be served on defendant **within thirty (30) days from the date defendant served plaintiff with the administrative record, by mailing copies to all the attorneys listed on the court docket as representing defendant**, Commissioner of Social Security, at the addresses noted on the court docket.

The name of the attorney or attorneys representing defendant are added to the court docket at the time the Court receives defendant's response to the complaint which, again, usually consists of the administrative record. Sometimes the court docket lists not only an attorney at the Office of the General Counsel of the Social Security Administration in San Francisco, CA, but also an attorney at the United States Attorney's Office in Fresno, CA. In these particular cases, it will then be necessary for plaintiff to mail copies of the confidential letter brief to more than one attorney for defendant.

Defendant's confidential letter brief **must** be served on plaintiff no later than **thirty-five (35) days** after defendant is served with plaintiff's confidential letter brief.

If the parties agree to a remand, then the case will go back to the Social Security

Administration before any formal briefs are filed with the Court, and without the Court ever considering the merits of the case. The parties' agreement to remand the case **must** be set forth in writing in a document titled "Stipulation and Order," which **must** be signed and filed with the Court no later than **fifteen (15) days** after defendant served its confidential letter brief on plaintiff. See Local Rule 143(a)(1) & (b).

The informal letter briefs exchanged by the parties are confidential in the sense that they are not filed with the Court. If the parties are unable to agree to a remand, the letters are not part of the case file and, thus, are not before the Court if and when the Court finally considers the case on the merits.

### III. Briefs

If, after exchanging confidential letter briefs, the parties are unable to agree to a remand of the case, then the parties **must** file formal briefs with the Court as directed in the Scheduling Order. It is only after the formal briefs are filed with the Court that the Court will consider the merits of the case and make a decision.

#### A. Plaintiff's Opening Brief

Plaintiff's opening brief **must** be filed and served no later than **thirty (30) days** from the date defendant's informal letter brief was served on plaintiff. Plaintiff must serve a copy of the opening brief on all the attorneys listed for defendant on the court docket of the case at the addresses noted on the court docket.

Plaintiff **must** also file the original opening brief, together with a copy, with the Court, by either personal delivery or via U.S. mail to:

Office of the Clerk
United States District Court
Eastern District of California
2500 Tulare Street, Suite 1501
Fresno, CA 93721

Plaintiff's opening brief **must** contain the following:

(1) a plain description of plaintiff's alleged physical or emotional impairments, when plaintiff contends they became disabling, and how they disabled plaintiff from work;

(2) a summary of the administrative proceedings before the Social Security Administration;

(3) a summary of the relevant testimony at the administrative hearing;

(4) a summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

(5) a recitation of the Social Security Administration's findings and conclusions relevant to plaintiff's claims;

(6) a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and,

(7) argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact **must** be accompanied by citations to the administrative record. Argument in support of each claim of error **must** be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case. <u>Briefs that do not substantially comply with these requirements will be stricken</u>. A document that is stricken becomes null and void and is not considered by the Court for any purpose.

<u>Plaintiff is further advised that failure to timely file an opening brief will result in dismissal of the action</u>.

B. <u>Defendant's Responsive Brief</u>

Pursuant to the Scheduling Order, defendant's responsive brief is due filed and served on plaintiff within thirty (30) days from the date of service of plaintiff's opening brief on defendant.

C.  Plaintiff's Reply Brief

Plaintiff may file a reply brief, but is not required to do so, within fifteen (15) days from the date defendant served its responsive brief on plaintiff. Plaintiff must serve a copy of the reply brief on defendant by serving the United States Attorney for the Eastern District of California at the address in Fresno, CA, noted above. Plaintiff must also file the original reply brief, together with a copy, with the Court at the Court's address in Fresno, CA, noted above.

Plaintiff's reply brief should respond to the arguments made in defendant's responsive brief.

IV. Motion to Dismiss

In some cases, instead of serving and filing an administrative record, defendant may file a motion to dismiss the case pursuant to Fed.R.Civ.P. 12., **within one hundred twenty (120) days** from the date defendant is served with plaintiff's complaint.

Plaintiff may oppose a motion to dismiss by filing and serving opposition to the motion within **fourteen (14) days** from the date the motion to dismiss was served on plaintiff, and should be titled "Opposition to Defendant's Motion to Dismiss." See Local Rule 230(c).

The Court will consider a motion to dismiss only after receiving opposition from plaintiff, or after the time for filing opposition has passed. In ruling on a motion to dismiss the case, the Court may either (1) deny the motion and proceed with the case, ordering the parties to proceed to file the administrative record, attempt informal resolution, and file briefs; or, (2) grant the motion to dismiss, and dismiss all or part of the case.

V. The Court's Decision on the Merits

The Court will consider the merits of the case only after all briefs have been filed, and

may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration. The Court may or may not remand the case to the Social Security Administration for a further hearing.

VI. Summary of Deadline Calculations

| Event | Deadline | Reference |
|---|---|---|
| Administrative Record | Filed on July 7, 2017 | See Section II. above |
| **Plaintiff's Opening Brief** | **November 6, 2017** | **See Section III. A. above** |
| Defendant's Opening Brief | due 30 days after plaintiff's opening brief filed | See Section III. B. above |
| Plaintiff's Reply Brief | due 15 days after defendant's brief filed | See Section III. C. above |

VII. Rules for Litigating the Action

Plaintiff is informed of the following:

A. In litigating this action, the parties must comply with the Federal Rules of Civil Procedure (Fed.R.Civ.P.), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"). A copy of the Local Rules may be obtained in the Clerk's Office at no charge.

Local Rule 206 is a special rule for social security actions. Specifically (a)(2) and (3) generally states that complaints **shall** contain the last four digits of plaintiff's social security number **only**, i.e., XXX-XX-1234, and that plaintiff shall privately disclose to defendant, within **five (5) days** after a request is made to plaintiff, the full social security number of plaintiff.

Therefore, plaintiff shall refrain from disclosing the entire social security number on any filings.

**FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL**

**OR OTHER APPROPRIATE SANCTIONS**. *See* Local Rule 110; Fed.R.Civ.P. 41(b).

B. Documents intended to be filed with the Court **must** be mailed to the Clerk of the Court in Fresno, CA, at the address noted above. See Local Rule 134(a). All documents inappropriately mailed directly to a judge's chambers will be stricken from the record. A document requesting a court order **must** be styled as a motion, not a letter. See Fed.R.Civ.P. 7.

C. Each document submitted for filing **must** include the original signature of the filing party or parties. Local Rule 131; Fed.R.Civ.P. 11(a). All documents submitted without the required signature(s) will be stricken. Each separate document **must** be separately stapled. See Local Rule 130. If a document is stapled behind another document, it will not be filed and will not enter the court docket.

D. All documents filed with the Court **must** be submitted with an additional legible copy to be conformed for the Court's use. See Local Rule 133(d)(2). A document submitted without an extra copy for the Court's use will be stricken. If the filing party wishes the Court to return a file-stamped copy, an additional copy **must** be provided for that purpose (i.e., an original and two copies, one for the Court's use and one to be returned to the filing party), together with a self-addressed, stamped envelope. The Court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis. Copies of documents from the Court's file may be obtained in the Clerk's Office at the cost of fifty ($.50) cents per page.

E. After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a proof of service stating that a copy of the document was served on the opposing party. See 28 U.S.C. § 1746; F.R.Civ.P.5; Local Rule 135. **A document submitted without the required proof of service will be stricken**. Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

F. A pro se Plaintiff has an affirmative duty to keep the Court and opposing parties apprised of a current address. If plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice. See Local Rule 182(f). If mail directed to plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it. <u>If plaintiff's address is not updated, in writing, within **sixty (60) days** of mail being returned, the action will be dismissed for failure to prosecute</u>. *See* Local Rule 183(b).

IT IS SO ORDERED.

Dated: **September 22, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE