# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LILLIE RUTH THOMAS, | Case No. 1:17-cv-298-BAM |
|---|---|
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **RESPONSE DUE: December 1, 2017** |

On September 25, 2017, the Court granted the request of Plaintiff's counsel to withdraw from representation, based upon the assertion that Plaintiff had requested that counsel terminate the attorney-client relationship. (Doc. 14). Upon counsel's withdrawal, Plaintiff was informed that she was proceeding pro se and that she is responsible for the timely prosecution of the action even if she failed to obtain new counsel. Plaintiff was ordered to file her opening brief or notify the court of whether she intends to retain new counsel or continue to represent herself in this matter no later than November 6, 2017. (Doc. 14 at pg. 3). The Court warned Plaintiff that failure to comply with its order may result in dismissal of this action. To date, Plaintiff has failed to comply with the Court's order and has not taken any action indicating her desire to prosecute the matter.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the

1

Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is ORDERED to SHOW CAUSE **within fourteen days** of the date of service of this Order why the action should not be dismissed for Plaintiff's failure to comply with the Court's scheduling order and Plaintiff's failure to prosecute this action. Plaintiff shall file a written response to this order to show cause no later than **December 1, 2017.** Plaintiff may comply with this Order to Show Cause by filing her opening brief. Plaintiff is forewarned that failure to submit a timely response to this order to show cause will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **November 17, 2017**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE