# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIE RUTH THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:17-cv-298-BAM<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT<br><br>ORDER DIRECTING CLERK TO CLOSE THIS CASE |

On March 2, 2017, Plaintiff Lillie Ruth Thomas ("Plaintiff") filed the present action seeking review of the Commissioner's denial of her application for benefits. (Doc. 1.)[1]

Plaintiff was previously represented by an attorney, however on June 15, 2017; Plaintiff's counsel filed a motion to withdraw as attorney of record. (Doc. 7). Plaintiff's counsel was permitted to withdraw as attorney of record on September 25, 2017 (Doc. 14), and the briefing schedule was modified to require Plaintiff to file and serve her opening brief by no later than November 6, 2017. (Doc. 14.) Plaintiff was served with an Informational Order for Pro Se Litigants on September 25, 2017. (Doc. 15.) The Informational Order detailed Plaintiff's responsibilities as a pro se litigant, including the substantive requirements of an opening brief, and again reminded Plaintiff that her opening brief be filed and served by no later than

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to conduct all further proceedings in this case, including trial, before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. (Docs. 1, 5).

1

November 6, 2017. (Doc. 15). On November 6, 2017, Plaintiff failed to file and serve her opening brief with the Court and on opposing counsel.

Following Plaintiff's failure to comply with the Court's order, on November 17, 2017, the Court issued an order to show cause why this matter should not be dismissed. (Doc. 16.) Plaintiff was ordered to respond by no later than December 1, 2017, or in the alternative, to file her opening brief in accordance with the Court's order. (Doc. 16.) In the order, Plaintiff was also cautioned that failure to file the opening brief as ordered would result in dismissal of this action.

To date, Plaintiff has failed to file her opening brief, or otherwise respond to the Court's order.

## **DISCUSSION**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." *See* LR 110.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see*

*also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the Defendant Commissioner also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.1976). No less drastic sanction is available to the Court, as Plaintiff has failed to comply with the Court's prior orders and is proceeding *in forma pauperis*. The policy favoring disposition of cases on their merits is outweighed by these other four factors in favor of dismissal. *See Hall v. Comm'r of Soc. Sec.*, No. 1:11-cv-00693-JLT, 2011 WL 3794705 at *2 (E.D. Cal. Aug. 25, 2011).

In its November 17, 2017, order, the Court informed Plaintiff that failure to comply with the Court's order to show cause will result in dismissal of her action. (Doc. 16.) Thus, Plaintiff had adequate warning that dismissal would result from failure to file her opening brief or "show cause" for why this action should not be dismissed. It is within the Court's inherent authority to dismiss the action both for failure to prosecute and for failure to comply with the Court's order.

### **CONCLUSION AND ORDER**

As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of Plaintiff's complaint. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint be DISMISSED with prejudice and without leave to amend; and
2. The Clerk of Court is directed to close this case.

This terminates the action in its entirety.

IT IS SO ORDERED.

Dated: **December 14, 2017**        /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE

3